### Commonwealth of Pennsylvania *v.* Manor Gas Coal Company, Appellant.

*Taxation—Corporations—Capital stock.*

In determining the actual value of the capital stock of a corporation for purposes of state taxation, it is error to exclude every other consideration except the assessed valuation of the company's real and personal property for local taxation.   Such assessed valuation should be given consideration, but only in connection with other relevant facts.

Argued May 31, 1897.   Reargued February 23, 1898.   Appeal, No. 26, May T., 1897, by defendant, from judgment of C. P. Dauphin Co., Commonwealth Docket, 1896, No. 699, on appeal from tax settlement.   Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Reversed.

Appeal from tax settlement.   Before SIMONTON, P. J.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was in sustaining the appraisement made by the auditor general and state treasurer.

*John Hampton Barnes,* for appellant.—This actual cash value of capital stock is the result reached by the union of several component parts or elements; among these elements are the appraised value of the company's property, its net earnings, gross earnings, rate of dividend, amount of surplus, par value of shares, the amount carried to profits, the amount paid into sinking fund, the market value of sales of stock, its speculative value, the franchise of the company, etc.: Act of June 8, 1891, P. L. 229, sec. 4; Com. v. Edgerton Coal Co., 164 Pa. 284; Com. v. D., S. & S. R. R. Co., 165 Pa. 44. A single one of these elements only was drawn upon by the auditor general and state treasurer in making the settlement against appellant, which finally became the judgment of the court below. This solitary element was the appraised value of the real and personal property of the corporation, a clear violation of the express terms of the act of assembly.

*John P. Elkin,* deputy attorney general, with him *Henry C. McCormick,* attorney general, for appellee.

OPINION BY MR. JUSTICE DEAN, October 17, 1898:

The authorized capital stock of defendant company, is $500,000, divided into 10,000 shares of the par value of $50.00 each. Its property consists of coal rights, mining rights and such personal property as is necessary in carrying on coal mining and shipping. There is upon the property a mortgage debt of $200,000; besides, the company has a floating debt of $47,745.58. In the tax year 1895, after paying operating expenses, interest on mortgage and floating debt, there was a deficit of over $2,000. In their return, the corporate officers appraised the actual value of the capital stock at $10.00 per share, or $50,000. The commonwealth's officers, being dissatisfied with this, raised the appraisement to $161,670; from this appraisement the company appealed to the court of common pleas, which, after hearing, concurred in the commonwealth's settlement, and we now have this appeal by the company.

The principal complaint of appellant is that the court erred

in adopting but one fact, as the basis of actual value of the capital stock, to wit: the assessed valuation of the company's real and personal property for local taxation, without taking into consideration, as relevant facts, the indebtedness, net earnings and inability to pay dividends, etc.

That the commonwealth's officers, and the court following their settlement by its approval, took into consideration only this one fact in fixing the value is clear from the report. They say in the settlement: "The auditor general and state treasurer, not being satisfied with the appraisement, . . . . do hereby estimate and appraise the capital stock of said corporation at the sum of $161,670, that being the value indicated by the assessed valuation of the real estate and personal property of the company, as set forth in the annual report to this department." In the report, among many statements tending to show the value of the corporate property, is this answer to the seventeenth interrogatory: "Assessed value of real and personal property, $161,670.00."

In fixing the actual value of the capital stock, of course, it was proper this assessed value should be given consideration; but, there were many other relevant facts which should also have been considered. While the indebtedness should not have been specifically deducted, it was a fact which, as we have held in Commonwealth v. New York, Penna. & Ohio Railroad Co., opinion handed down this day, ante, p. 169, was for consideration; also the earnings, net and gross, the franchises, and all the facts tending to establish the actual value of the capital stock. There is no room for presuming that any other than the one fact was considered in raising the appraisement; no evidence was given in the court below, except the company's report and the commonwealth's settlement, as we have quoted it. Clearly, appellant is justified, in invoking the maxim, "expressio unius, exclusio alterius." This being the case, the judgment is reversed and the record remitted with directions that the parties be heard as to all the facts relevant to an ascertainment of the actual value of defendant's capital stock.